# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1048V
(Filed: February 6, 2017)
UNPUBLISHED

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JAMES GREENAMYRE, | * | |
| *On behalf of his daughter, L.J.G.,* | * | Dismissal; Varicella Vaccine; |
| | * | Pneumonia; No Expert Report; |
| Petitioner, | * | Six Month Requirement. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Paul Dannenberg*, Huntington, VT, for petitioner.
*Gordon Shemin*, U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION[1]

**Roth,** Special Master:

On October 28, 2014, James Greenamyre ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] on behalf

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

of his minor child, L.J.G. Petitioner alleged that shortly after receiving a varicella vaccine on December 1, 2011, L.J.G. suffered from pneumonia. The information in the record, however, does not show entitlement to an award under the Program. On February 2, 2017, petitioner filed a "motion for decision dismissing petition" requesting that the case be dismissed. ECF No. 43.

To receive compensation under the Program, a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that L.J.G. suffered a "Table Injury." Furthermore, the record does not contain persuasive evidence indicating that L.J.G.'s alleged injury was in fact caused by the vaccine.

A petitioner must also show that the injured person has "suffered the residual effects or complications of [her] illness, disability, injury, or condition for more than six months after the administration of the vaccine." 42 U.S.C. § 300aa-11(c)(1)(D)(i). Alternatively, if the injured person does not meet the six month requirement, she may also be entitled to compensation if the person required "inpatient hospitalization and surgical intervention." 42 U.S.C. § 300aa-11(c)(1)(D). The medical records submitted show that L.J.G. recovered from her pneumonia within weeks, without hospitalization or surgical intervention, and therefore failed to meet the six month requirement.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioners' claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that L.J.G. suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. Furthermore, petitioner cannot show that L.J.G. has met the six month requirement. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master