# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1048V
Filed: August 1, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| JAMES GREENAMYRE *On behalf of his* *daughter*, L.J.G., | * | UNPUBLISHED |
| | * | |
| | * | |
| Petitioner, | * | Decision on Attorneys' Fees and Costs; |
| v. | * | Respondent Does Not Object; Hourly Rate |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Paul S. Dannenberg, Esq.*, Huntington, VT, for petitioner.
*Justine E. Walters, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 28, 2014, James Greenamyre, on behalf of his daughter L.J.G. ("Mr. Greenamyre" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that his daughter developed pneumonia and "other adverse illnesses and complications" as a result of receiving a varicella vaccination on December 1, 2011. *See* Petition ("Pet."), ECF No. 1. On February 2, 2017, petitioner filed a Motion for a Dismissal Decision. Motion for Decision, ECF No. 43. On February 6, 2017 the undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

dismissed this case for insufficient proof, pursuant to Vaccine Rule 11(a). *See* Decision, ECF No. 44.

On July 11, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 51. Petitioner requests attorneys' fees in the amount of $32,859.00, and attorneys' costs in the amount of $733.63[3], for a total amount of $33,592.63.  Motion for Fees, at 3-4, ECF No. 51. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $400 in out-of-pocket expenses. Motion for Fees, Ex. 5, ECF No. 51-4.

On July 20, 2017, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 52.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). That product is then adjusted upward or downward based on other specific findings.  *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

---

[3] Petitioner requests $733.63 of total costs, which includes $400 of out-of-pocket costs for petitioner for the court filing fee. Therefore, petitioner's attorney's costs are $333.63.

## II. Discussion

**A.     Reasonable Hourly Rate**

In general, the hourly rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Mr. Dannenberg practices in Huntington, Vermont, where the average hourly rate is substantially lower than forum rates, making the *Davis* exception applicable. This determination regarding Mr. Dannenberg's rates has already been addressed. *See, e.g.*, *Dier v. Sec'y of Health & Human Servs.*, 15-571V, 2017 WL 1033677 at *2 (Fed. Cl. Spec. Mstr. Jan. 18, 2017) (finding Mr. Dannenberg should not receive forum rates because his office is in Huntington, Vermont); *Glaser v. Sec'y of Health & Human Servs.*, No 06-764V, 2016 WL 4491493, at *7 (Fed. Cl. Spec. Mstr. June 6, 2016) (reducing Mr. Dannenberg's rates because he was not entitled to forum rates and did not provide sufficient proof that he should receive forum rates), *vacated on other grounds*, 2016 WL 4483022 (June 29, 2016).

In support of his application for attorney's fees and costs, petitioner provided affidavits from three attorneys who also practice in the state of Vermont. He provided a 2010 affidavit from Gordon Troy, Esq., an intellectual property attorney who received $325 an hour. Motion for Fees, Ex. 2 at 1, ECF No. 51-2. He also provided a 2013 affidavit from Stephen Soule, Esq., a civil litigation attorney who received $250-305 an hour. Motion for Fees, Ex. 2 at 2, ECF No. 51-2. He provided a 2016 affidavit from James Spink, Esq., also a civil litigation attorney, who received $300-$325 an hour. Motion for Fees, Ex. 2 at 3, ECF No. 51-2. Mr. Dannenberg provided the affidavits from these three attorneys in previous cases in which it was determined that Mr. Dannenberg is not entitled to forum rates. *See e.g., Dier*, 2017 WL 1033677 at *2 (Fed. Cl. Spec. Mstr. Jan. 18, 2017) (citing *Glaser,* 2016 WL 4491493, at *7 (Fed. Cl. Spec. Mstr. June 6, 2016)).

In the instant application, petitioner requests rates higher than those already found to be reasonable in cases involving Mr. Dannenberg. *See e.g., Dier*, 2017 WL 1033677 at *2 (Fed. Cl. Spec. Mstr. Jan. 18, 2017); *Glaser,* 2016 WL 4491493, at *6-7 (Fed. Cl. Spec. Mstr. June 6, 2016). Petitioner did not provide any additional information in support for the increase in his rates, other than that which has already been considered by this court and been found unpersuasive. *Id.*

Therefore, the undersigned will award rates consistent with those previously found to be reasonable for petitioner's attorney; rates of $237 per hour for 2014 and 2015, and $238 per hour for 2016 and 2017. *Id.*

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.[4]  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).[5] Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Petitioner's application states that Mr. Dannenberg spent 19.6 hours on this case in 2014 and 100.6 hours on this case between 2015 and 2017. *See* Motion for Fees at 3, ECF No. 51. However, the time sheets provided with petitioner's application has 19.6 hours spent in 2014 and 76.4 hours spent between 2015 and 2017, for a total of 96 hours. *See* Motion for Fees, Ex. 3, ECF No. 51-3.

---

[4] Although negligible in this instance, counsel should be cognizant in the future, that tasks such as tracking mail (Motion for Fees, Ex. 3 at 1, ECF No. 51-3) and faxing (Motion for Fees, Ex. 3 at 3, 4, & 7, ECF No. 51-3) are considered "clerical and secretarial tasks" and are not billable and may be deducted from petitioner's attorney's fees and costs.

[5] Although negligible in this instance, counsel should be cognizant in the future, that research on basic aspects of the program, such as reading the statute and Guidelines (Motion for Fees, Ex. 3 at 9, ECF No. 51-3), reviewing the Guidelines for motions to withdraw (Motion for Fees, Ex. 3 at 6, ECF No. 51-3), and requirements a for dismissal motion (Motion for Fees, Ex. 3 at 9, ECF No. 51-3) are not billable and can be deducted from petitioner's attorney's fees and costs.

Therefore, with the hourly rate reduction Petitioner's total attorney's fees should be:

2014-2015:  55.9 hours x $237 =  $13,248.30
2016-2017:  40.1 hours x $238 =  $9,543.80
**Total:**        96 hours              **$22,792.10**


## C.   Reasonable Costs

Petitioner requested a total of $333.63 in attorneys' costs. *See* Motion for Fees at 3, ECF No. 51. The requested costs consist of costs associated with communicating with his client, office costs, and costs associated with obtaining medical records. *See* Motion for Fees, Ex. 3-4, ECF No. 51-3, 4. The petitioner requests $400 for his own out-of-pocket expenses, which consists of the court filing fee. *See* Motion for Fees, Ex. 4 at 4, ECF No. 51-4. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned **AWARDS** attorneys' fees and costs consistent with the foregoing.

**Accordingly, the undersigned awards the total of $23,525.73[6] as follows:**

- **A lump sum of $23,125.73,** representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioner, James Greenamyre and petitioner's counsel, Paul Dannenberg; and**

- **A lump sum of $400.00,** representing reimbursement for petitioner's out-of-pocket costs**, in the form of a check payable to petitioner, James Greenamyre.**

The clerk of the court is directed to enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.